JM:JPN
F.#2008R00474

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 27 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SETH LOWENSTEIN,

          Defendant.

- - - - - - - - - - - - - - - X

I N D I C T M E N T

CR 10 NO. ___ 583

(T. 18, U.S.C.,
§§ 981(a)(1)(c),
1341, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

IRIZARRY J.

GOLD, M.J.

THE GRAND JURY CHARGES:

        At all times relevant to this Indictment, unless otherwise stated:

<u>INTRODUCTION</u>

I.  <u>Background</u>

        1.    The defendant SETH LOWENSTEIN lived in Brooklyn, New York.

        2.    Victim #1, whose identity is known to the Grand Jury, was a large manufacturer of office and electronic products. Victim #1 paid rebates to its retail customers and resellers, which bought Victim #1's products and then sold them to the public.  Victim #1 paid those rebates through various programs, including the "Rewards Program" and the "Trade Up Program."

        3.    Victim #2, whose identity is known to the Grand Jury, was a global manufacturer of printing and imaging products. Victim #2 paid rebates to resellers who sold Victim #2's products

2

to the public.  One of the programs through which Victim #2 paid rebates was known as "Profit Plus."

II.   The Scheme to Defraud

4.   The defendant SETH LOWENSTEIN fraudulently posed as retail customers and sales representatives of resellers to obtain rebates from Victim #1 and Victim #2 (collectively, the "Victims") and submitted rebate claims to the Victims in which he falsely stated that retail customers had purchased the Victims' products.

5.   For example, the defendant SETH LOWENSTEIN submitted fake invoices to Victim #1 in connection with his rebate claims.  Those invoices falsely identified the name and address of the reseller submitting the rebate claim; the retail customer who supposedly purchased the rebate-eligible product; and the rebate-eligible product supposedly purchased by the retail customer.  LOWENSTEIN submitted the invoices to Victim #1 as proof that retail customers purchased rebate-eligible products.  The purchases of Victim #1's products referenced in the invoices were fictitious, and LOWENSTEIN was not entitled to the rebates.

6.   In connection with Victim #2's "Profit Plus" rebate program, the defendant SETH LOWENSTEIN similarly submitted claims for rebates for sales of Victim #2's products that never occurred.

7.    The defendant SETH LOWENSTEIN submitted rebate requests to the Victims using various names, including the names of fifteen individuals, whose identities are known to the Grand Jury.

8.    The defendant SETH LOWENSTEIN also used various company names when he submitted his fraudulent rebate claims, including the names of eleven companies, whose identities are known to the Grand Jury.  LOWENSTEIN used these company names on invoices as both purported resellers and retail customers of the Victims' products.

9.    The defendant SETH LOWENSTEIN also used multiple mailing addresses (the "Mailing Addresses") in connection with the scheme.  The Mailing Addresses included the following:

- 1403 44th Street, Brooklyn, New York;
- 6402 18th Avenue, Brooklyn, New York;
- 5904 18th Avenue, Brooklyn, New York;
- 6801 20th Avenue, Brooklyn, New York;
- 2030 S. 3rd Street, Jacksonville, Florida;
- 10920 Baymeadow Road, Jacksonville, Florida; and
- 1973 60th Street, Brooklyn, New York.

10.   The Mailing Addresses were mail drops, each of which received mail and packages on behalf of customers.  In connection with the scheme, the defendant SETH LOWENSTEIN often received mail at the Mailing Addresses, as well as additional

4

addresses in St. Paul, Minnesota, Cadillac, Michigan and
Brooklyn, New York.

11.  The Victims paid in excess of $400,000 in rebates
to the defendant SETH LOWENSTEIN in connection with this scheme.
The Victims paid many of the rebates by check, many of which were
mailed from the Victims to addresses in Brooklyn, New York.

<u>COUNTS ONE THROUGH THREE</u>
(Mail Fraud)

12.  The allegations contained in paragraphs 1 through
11 are realleged and incorporated as if fully set forth in this
paragraph.

13.  In or about and between 1998 and 2008, both dates
being approximate and inclusive, within the Eastern District of
New York and elsewhere, the defendant SETH LOWENSTEIN did
knowingly and intentionally devise a scheme and artifice to
defraud the Victims and others and to obtain money and property
by means of materially false and fraudulent pretenses,
representations and promises, and for the purpose of executing
such scheme and artifice and attempting to do so, did place and
cause to be placed in post offices and authorized depositories
for mail matter, matters and things to be sent and delivered by
the United States Postal Service, as set forth below:

| COUNT | APPROXIMATE MAILING DATE | DESCRIPTION OF MAILING |
|-------|--------------------------|------------------------|
| ONE | November 23, 2005 | Two retail customer invoices (invoice numbers 656963 and 657085) sent by Priority Mail from Brooklyn, New York to Victim #1's Rewards Program office in Grand Rapids, Minnesota |
| TWO | August 28, 2007 | Rebate request concerning retail customer invoice number 6398758 sent by Priority Mail from Brooklyn, New York to Victim #1's Trade Up Program headquarters in Grand Rapids, Minnesota |
| THREE | September 5, 2007 | Rebate check (check number 811587) sent by U.S. mail from Victim #2's Profit Plus headquarters in Dayton, Ohio to Company #7 at 6402 18th Avenue, Brooklyn, New York |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE

14.  The United States hereby gives notice to the defendant that, upon his conviction of one or more of the offenses alleged in Counts One through Three of this Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

6

15.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

7

other property of such defendant up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C);

Title 21, United States Code, Section 853(p); Title 28, United

States Code, Section 2461(c))


A TRUE BILL


_____

FOREPERSON


_____

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

**Seth Lowenstein,**

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(c), 1341, 2
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreman

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

***John P. Nowak, Assistant U.S. Attorney (718-254-6097)***

F. #2008R00474
FORM DBD-34
JUN. 85