**Meringolo & Associates, P.C.**
375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringoloesq.com

October 18, 2011

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *United States v. Seth Lowenstein*, 10-Cr.-583 (DLI)

Dear Judge Irizarry:

The defense respectfully writes to clarify its position in response to the Court's docket entry and Order dated October 13, 2011. The defense regrets any noncompliance with the Court's Order of September 22, 2011 and respectfully asks the Court's pardon.

Throughout its representation of Mr. Lowenstein, the defense has consistently attempted to defend Mr. Lowenstein to the best of its ability and to assist the parties in calculating the true loss amount from Mr. Lowenstein's actions. Its October 6, 2011 submission represented the latest attempt by the defense to calculate the actual loss in order to assist in the resolution of this matter. Although the defense previously accepted the $427,623.75 loss calculation, that acceptance has been called into question based on subsequent events in this case.

As the Court is aware, the original loss amount claimed by the government was $1.8 million. This loss claim has now been substantially reduced to $427,623.75—a reduction of more than 75%. Both because of this significant reduction and because the defense has not received copies of the affidavits of loss despite the Court's September 22, 2011 Order, which instructed the government to turn them over to the defense, the defense now finds it appropriate

to question the validity (and the provenance) of the $427,623.75 number. Because of the already substantial loss reduction already in this case, the defense believes that it is Mr. Lowenstein's right to understand exactly what documentation the government is relying upon to claim the $427,623.75 loss amount.

The defense has consistently accepted and agreed to the loss amount of $427,623.75 based on the government's representation that the affidavits of loss from Lexmark and 3Com existed, even though both in the defense's sentencing memorandum and in the subsequent submission of October 6, 2011, we noted that the information provided to us by the government and reviewed by CPA Meyer Nebenzahl resulted in far lower loss numbers. Now, because of the events in this case leading to the loss reduction thus far, the defense respectfully requests an opportunity to review the Lexmark and 3Com affidavits of loss before stipulating as to the loss amount.

                                                Respectfully,

                                                _____/s/_____
                                                John C. Meringolo, Esq.
                                                Meringolo & Associates, P.C.
                                                375 Greenwich Street, 7th Floor
                                                New York, NY 10013
                                                john@meringoloesq.com

Cc:    AUSA John Nowak (via ECF and email)
           U.S. Probation Officer Sindee Haasnoot (via email)